IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALISHA M. ALEJANDRO            :        CIVIL ACTION
                               :
        v.                     :
                               :
PHILADELPHIA VISION CENTER,    :        NO. 18-2150
et al.                         :

                           MEMORANDUM

Bartle, J.                                      August 29, 2018

Plaintiff Alisha M. Alejandro brought this action in the Court of Common Pleas of Philadelphia County against defendant Philadelphia Vision Center ("PVC Welsh") and two individuals, Bruce A. Rubin and Beth Lisa Brooks, O.D.[1] Defendant Brooks timely removed the action to this court. In Count I, Alejandro alleges that defendants have violated the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. Const. Stat. §§ 201-1, et seq. In Count II, Alejandro brings a state law claim for civil conspiracy. Alejandro avers in Counts III and IV that defendants have violated the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. §§ 4 & 16.

Before the court is the motion of defendants for summary judgment on Counts I and II against Alejandro pursuant to Rule 56 of the Federal Rules of Civil Procedure. Alejandro has not opposed the motion.

---

1. The instant complaint before the court is the third amended complaint of the plaintiff. In her prior complaints, Alejandro named additional and/or different defendants.

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant. See id. at 252. We view the facts and draw all inferences in favor of the nonmoving party. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004). Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant. See Anderson, 477 U.S. at 252. "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." Id.

In addition, Rule 56(e)(2) provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule

56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The following facts are undisputed. Defendant PVC Welsh, located at 2536 Welsh Road in Philadelphia, provides optical services to patients, such as administering eye exams and providing prescription eyeglasses. PVC Welsh is owned and operated by Barco Optical, Inc. Defendant Bruce A. Rubin is the president and sole shareholder of Barco Optical, Inc. Defendant Beth Lisa Brooks, O.D. is a licensed optometrist employed by PVC Welsh. Alejandro is a former patient of PVC Welsh.

On December 8, 2016, Alejandro had her eyes examined at PVC Welsh by Louisa C. Gaiter Johnson, O.D., a licensed optometrist. After the exam, Alejandro selected frames and ordered eyeglasses from PVC Welsh, which in turn ordered lenses to fit her prescription. No deposit was taken from Alejandro for her order. On December 13, 2016, PVC Welsh notified Alejandro that her glasses were ready for her to pick up. In response, Alejandro called PVC Welsh to cancel the order. An employee of PVC Welsh instructed Alejandro that since the glasses had already been made the order could not be canceled and PVC Welsh expected payment.

Alejandro called Rubin on January 16, 2017 and told him that her boyfriend had found less expensive frames for her

elsewhere, and she requested a copy of her prescription. Rubin offered to put the lenses that PVC Welsh had made for her into less expensive frames. Alejandro agreed to come to PVC Welsh to pick out the new frames.

The following day, on January 17, 2017, Rubin received a call from Alejandro's counsel, Paul Stewart. Stewart explained that he represented Alejandro and warned Rubin to give her a copy of the prescription or he would bring legal proceedings against him. Thereafter, Alejandro visited PVC Welsh and Rubin gave her the prescription.

Although Dr. Johnson administered the eye exam to Alejandro, PVC Welsh and Rubin mistakenly used a billing code for a different PVC Welsh optometrist, Beth Lisa Brooks, O.D., who had never examined Alejandro. After the error was discovered at some time during discovery in this action, PVC Welsh and Rubin notified the holder of Alejandro's vision insurance plan, which covered the eye exam. This error did not impact the billing or coverage of Alejandro's vision insurance plan.

Payments for services rendered by optometrists who work for PVC Welsh are paid to Barco Optical. The optometrists who work at PVC Welsh do not receive payment directly from vision insurance plans. Rather, they are paid a salary by PVC Welsh.

On July 5, 2017, Alejandro filed her original complaint in the Court of Common Pleas of Philadelphia County against PVC Welsh, Bruce Rubin, and Dr. Johnson alleging violations of the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), 73 Pa. Const. Stat. §§ 201-1, et seq., civil conspiracy, the Sherman Act, 15 U.S.C. §§ 1 & 2, and the Clayton Act, 15 U.S.C. §§ 4 & 16. Defendants thereafter filed preliminary objections on the ground that Alejandro had failed to state a claim for violation of the Pennsylvania UTPCPL. In response, Alejandro filed her first amended complaint on November 17, 2017. The first amended complaint alleged additional facts against the same three defendants. Defendants again filed preliminary objections. Alejandro countered with a second amended complaint on January 16, 2018 against PVC Welsh and Rubin. Defendants responded with preliminary objections. Thereafter Alejandro filed a third amended complaint on May 2, 2018 against PVC Welsh, Rubin, and Brooks. At that point, the action was removed to this court.

III

Defendants maintain they are entitled to summary judgment as a matter of law since the UTPCPL does not apply to medical services.

The UTPCPL prohibits the use of unfair methods of competition and unfair or deceptive acts or practices in the

-5-

course of trade or commerce. 73 Pa. Const. Stat. § 201-2. The purpose of the UTPCPL is to "protect[] consumers from unfair or deceptive business practices." Wallace v. Pastore, 742 A.2d 1090, 1093 (Pa. Super. Ct. 1999) (citing Commonwealth v. Monumental Props., Inc., 329 A.2d 812 (Pa. 1974)). It provides a "private right of action for anyone who 'suffers any ascertainable loss of money or property' as a result of 'an unlawful method, act or practice.'" Bennett v. A.T. Masterpiece Homes and Broadsprings, LLC, 40 A.3d 145, 151 (Pa. Super. Ct. Mar. 6, 2012) (citing 73 Pa. Const. Stat. § 201-9.2(a)). The statute enumerates over twenty types of practices or conduct that are unlawful under the statute. See 73 Pa. Const. Stat. §§ 201-2(4)(i–xxi); 73 Pa. Const. Stat. § 201-3.

It is well-settled that the UTPCPL "does not apply to providers of medical services." Walter v. Magee-Womens Hosp. of UPMC Health Sys., 876 A.2d 400, 407 (Pa. Super Ct. 2005); see Foflygen v. R. Zemel, M.D. (PC), 615 A.2d 1345, 1354 (Pa. Super. Ct. 1992). The Superior Court of Pennsylvania has explained that:

> According to the [UTPCPL], unfair methods of competition and deceptive practices in the conduct of any trade or commerce are unlawful. 73 Pa. Const. Stat. § 201-3. The phrase 'trade or commerce' includes the sale of services. 73 Pa. Const. Stat. § 201-2(3). Among the practices condemned by the Act are various misrepresentations as well as other fraudulent conduct that

> creates a likelihood of confusion or
> misunderstanding. 73 Pa. Const. Stat.
> § 201-2(4). However, even though the Act
> does not exclude services performed by
> physicians, it is clear that the Act is
> intended to prohibit unlawful practices
> relating to trade or commerce and of the
> type associated with business enterprises.
> It is equally clear that the legislature did
> not intend the Act to apply to physicians
> rendering medical services.

Gatten v. Merzi, 579 A.2d 974, 976 (Pa. Super. Ct. 1990). Subsequent to these decisions from the Superior Court, the Commonwealth Court of Pennsylvania has recognized that while the UTPCPL does not apply to providers of medical services, organizations such as nursing homes that are "hybrid organizations, offering both medical and non-medical services" are liable under the UTPCPL for the non-medical services that they provide. Commonwealth v. Golden Gate Nat'l Senior Care LLC, 158 A.3d 203, 214-15 (Pa. Commw. Ct. 2017) (internal citations and quotation marks omitted).

The record is clear that the services of conducting an eye exam and writing a related prescription were performed by a licensed optometrist, Dr. Johnson, who worked at PVC Welsh. It is undisputed that providing eye exams and writing prescriptions constitutes rendering a medical service. See Gatten, 579 A.2d at 976. The UTPCPL does not apply to medical services rendered by defendants. Walter, 876 A.2d at 407; Gatten, 579 A.2d at 976. Accordingly, summary judgment will be entered in favor of

-7-

defendants and against Alejandro on Count I with respect to the medical services rendered by defendants.

The complaint avers that the defendants' conduct providing non-medical services, such as advertising eyeglasses, violates the UTPCPL.  However , the record does not contain any evidence to support this allegation.  The record shows that Alejandro ordered eye glasses from PVC Welsh and PVC Welsh was going to sell them to her, but the details of the potential sale end there.  The record does not contain any evidence that the conduct of the defendants related to the potential sale of the eyeglasses falls under the unfair methods of competition or unfair or deceptive acts or practices as described in 73 Pa. Const. Stat. § 201-2(4).

As previously stated, Alejandro has not responded to the motion for summary judgment.  She has failed to support the allegations in the complaint and failed to address the factual record set forth by defendants.  <u>See</u> Fed. R. Civ P. 56(e).

Summary judgment as a matter of law will be entered on Count I in favor of defendants and against Alejandro with respect to any non-medical services provided by defendants.

IV

We turn to Alejandro's claim in Count II for civil conspiracy under Pennsylvania law.  Defendants maintain that

summary judgment should be entered in their favor on a number of grounds including the lack of evidence of malice.

In Pennsylvania, civil conspiracy requires "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Estate of Werner v. Werner, 781 A.2d 188, 191 (Pa. Super. Ct. 2001). In addition, it requires "proof of malice or intent to injure" by the wrongdoer. Strickland v. Univ. of Scranton, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997). "Thus, in order to withstand summary judgment on this claim, [the plaintiff] must . . . produce[] evidence which would establish that [defendants] acted in concert to commit an unlawful act or do a lawful act by unlawful means, and that they acted with malice." Skipworth by Williams v. Lead Indus. Assn'n, 690 A.2d 169, 174 (Pa. 1997). "Malice will only be found when the sole purpose of the conspiracy is to cause harm to the party who has been injured." Sarpolis v. Tereshko, 26 F. Supp. 3d 407, 423 (E.D. Pa. June 17, 2014).

Significantly, "[s]ince liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable[.]" Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000)

-9-

(internal citations and quotation marks omitted).  Civil conspiracy is "wholly subordinate to the underlying tort's existence."  Id.

Alejandro's claim fails for many reasons.  Suffice it to say that defendants are not liable for any underlying violation of the UTPCPL.  Alejandro cannot sustain a claim for civil conspiracy without the underlying tortious act since civil conspiracy is not independently actionable.  Boyanowski, 215 F.3d at 407.

V

In conclusion, we will enter summary judgment as a matter of law in favor of defendants and against Alejandro on plaintiff's claim in Count I for defendants' violation of the UTPCPL and on plaintiff's claim in Count II for civil conspiracy.